STATE OF NORTH CAROLINA v. PAUL WILLOUGHBY, JR.

No. 8111SC931

(Filed 7 September 1982)

1. **Homicide § 27.2— failure to aid one in trouble—insufficient to justify charge of involuntary manslaughter**

    The trial court did not err in failing to submit a charge of involuntary manslaughter in addition to a charge of second degree murder where the defendant's own evidence showed he invited the deceased into the water and refused to help him when the defendant saw he was drowning since the common law does not extend criminal responsibility to a person who does not go to the aid of one he sees is in trouble.

2. **Homicide § 28.8— failure to charge on defense of accident—proper**

    In an action in which defendant was tried for the second degree murder of a man whom defendant was charged with drowning, the trial court did not err in failing to charge the jury on the defense of accident since if the victim died as a result of an accidental drowning, it was an accident with which the defendant had nothing to do.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 24 October 1980 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 February 1982.

The defendant was tried for the second degree murder of Joseph McCray Denning. The State's evidence showed that the defendant, Mr. Denning, Jimmy Seth Perry, and Chris Stanley were riding in the defendant's automobile on 12 June 1980. All of them were drinking whiskey. The defendant told Chris Stanley that he would kill Mr. Denning because Denning had shot one of his friends. They drove to a place called Taylor's Bridge on the Little River in Johnston County. The defendant went into the water and asked Mr. Denning to do so also. Mr. Stanley and Mr. Perry went to the automobile for each of them to have a drink of whiskey and when they returned to Taylor's Bridge, Mr. Denning was floating face up in the water and making a "grunting" sound at which time the defendant said, "Is the son of a bitch dead?" Mr. Stanley said, "Hey, he's still breathing, you better go back out there and hit him again." The defendant then said, "You all walk on down back to the car, I don't want you all to see this." Mr. Perry and Mr. Stanley left the scene and returned approximately ten  minutes later. Mr. Denning was floating face down. The defendant was coming out of the water at which time he said

to Mr. Perry and Mr. Stanley, "Is the son of a bitch dead? I told him I was going to kill him before the day was over." An autopsy showed Mr. Denning died by drowning.

The defendant testified that he went to Taylor's Bridge with the other three men. He said that he and Mr. Denning were swimming when he heard someone say, "Hey, what's the matter with McCray?" He saw Mr. Denning floating face down and said, "I don't know. Is he dead?" The defendant testified further that he became frightened and left. He denied touching Denning or saying he would kill him. Two witnesses testified for the defendant that they saw Mr. Denning earlier on that day in a drunken condition "falling all over the place." They observed bruises on his face.

Defendant was found guilty of second degree murder. He appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders Malcolm R. Hunter, Jr. and Lorinzo Joyner, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to be court's failure to submit a charge of involuntary manslaughter to the jury in addition to the charge of second degree murder. The defendant contends that his own evidence shows he invited the deceased into the water and refused to help him when the defendant saw he was drowning. The defendant argues that under this evidence, he had a duty to help Mr. Denning and his failure to do so was culpable negligence which proximately caused Mr. Denning's death. This case presents the question of the criminal responsibility of a person who does not go to the aid of one he sees is in trouble. The parties in their briefs have cited no cases from this jurisdiction and we have found none dealing with the question posed in this case. It seems clear that under the common law the defendant would not be guilty of manslaughter for this omission to act. *See* Frankel, *Criminal Omissions: A Legal Microcosm,* 11 Wayne L. Rev. 367 (1965); Kirchheimer, *Criminal Omissions,* 55 Harv. L. Rev. 615 (1942); and Hughes, *Criminal*

*Omissions*, 67 Yale L.J. 590 (1958). We do not believe we should extend the common law to cover manslaughter by omission in this case. The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant contends it was error for the court not to charge the jury on the defense of accident. We do not believe the court should have charged on accident. If Mr. Denning died as the result of an accidental drowning, it was an accident with which the defendant had nothing to do. The jury accepted the version of the incident in accordance with the State's evidence. This evidence showed the defendant committed murder. If the jury had accepted the defendant's version of the event, the jury should have found the defendant not guilty under the charge given to them by the court. It was not necessary for the court to charge on accident.

No error.

Judges MARTIN (Robert M.) and WELLS concur.